IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ELLEN MURRAY                           :         3:11 CV 629 (JGM)
:
v.                                     :
:
TOWN OF STRATFORD, ET AL.              :
:         DATE: JULY 25, 2014
---------------------------------------------------------x

RULING ON DEFENDANT'S OBJECTION TO PLAINTIFF'S ANTICIPATED MOTION FOR
ADVICE AND ON PLAINTIFF'S MOTION TO DETERMINE WHETHER DEFENDANT'S PRE-
TRIAL ADMISSIONS ARE CONCLUSIVELY ESTABLISHED FOR TRIAL

On April 20, 2011, plaintiff Ellen Murray, a now-retired Assistant Fire Chief in the Stratford Fire Department, commenced this action against defendants Town of Stratford ["defendant Town"] and James Miron, individually and in his official capacity as the Mayor of the Town of Stratford ["defendant Miron"]. (Dkt. #1). On September 19, 2011, plaintiff filed an Amended Complaint (Dkt. #29), in which she alleged that defendant Town discriminated against her because of her gender, in their refusal to promote her, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Civil Rights Act of 1991, and CONN. GEN. STAT. § 46a-60(a)(1)(First and Third Counts); defendant Town has discriminated against her based on gender plus race in violation of Title VII (Second Count); defendant Town has taken affirmative disciplinary actions in violation of CONN. GEN. STAT. § 31-51q in punishing plaintiff for the exercise of her right to free speech and free association under the First Amendment to the United States Constitution and/or by exercising her rights under Sections 3, 4, or 14 of Article first of the Connecticut Constitution (Fourth Count); defendant Miron has retaliated against plaintiff under 42 U.S.C. § 1983 for her exercise of her right of association pursuant to the First Amendment (Fifth and Sixth Counts); and defendant Miron deprived her of equal protection, in violation of 42 U.S.C. §

1983, through his illegal conduct, in his official and individual capacities (Seventh and Eighth Counts). On August 29, 2011, defendant Town filed its First Motion to Dismiss Count Four of Plaintiff's Complaint. (Dkt. #30; see Dkts. ##21, 24-27, 31-32). On February 8, 2012, the parties consented to trial before this Magistrate Judge and the case was transferred from U.S. District Judge Janet Bond Arterton to this Magistrate Judge. (Dkt. #37). On May 3, 2012, this Magistrate Judge filed a Ruling on Defendant Town of Stratford's Motion to Dismiss the Fourth Cause of Action, granting defendant Town's Motion on grounds that plaintiff failed to allege that she was subjected to "discipline" within the meaning of CONN. GEN. STAT. § 31-51q. (Dkt. #51). Thereafter, on July 10, 2012, defendants filed their Answers and Affirmative Defenses. (Dkts. ##56-57). On February 11, 2014, this Magistrate Judge filed her lengthy Ruling on Cross Motions for Summary Judgment and on Plaintiff's Motions to Strike (Dkt. #102)["Summary Judgment Ruling"], which granted summary judgment for defendant Town on the First, Second, Third, and Seventh Counts, and granted summary judgment for defendant Miron on the Eighth Count and on the Fifth and Sixth Counts with respect to plaintiff's prior lawsuit, but denied all three motions with respect to the Fifth and Sixth Counts against defendant Miron with respect to plaintiff's claims for retaliation based upon her union membership and activity. See Murray v. Town of Stratford, 2014 WL 558872, at *1-2, 7-24 (D. Conn. Feb. 11, 2014).

      One month later, this Magistrate Judge filed her Pretrial Order (Dkt. #106), which ordered counsel to file a "Joint Pretrial Memorandum" which included, inter alia, "[a]ny stipulations of fact" that "shall be worded in precisely the manner in which they may be read to the jury." (¶ 1(a))(emphasis in original). In all the decades in which this judicial officer has been filing fairly standard Pretrial Orders, never has this seemingly simple direction

generated so much controversy.  An Amended Pretrial Order was filed on April 30, 2014 (Dkt. #114), which contains the same language.

On June 19, 2014, the parties filed their Joint Trial Memorandum (Dkt. #121)["JTM"],[1] in which they proffer three distinct sets of stipulated facts.  First, plaintiff's "Proposed List of Undisputed Facts" contains seventy-one paragraphs (at 1-14), and was largely lifted from the "Factual Background" portions of the Summary Judgment Ruling. 2014 WL 558872, at *2-7.  The Summary Judgment Ruling explained that "[t]his factual summary [was] drawn from the parties' Local Rule 56(a)1 Statements, Local Rule 56(a)1 Statements, and their accompanying affidavits, deposition transcripts, and exhibits." Id. at *2, n.11.  The ruling "also relie[d] upon the forty-two paragraph  Statement of Undisputed Facts found in the parties' Rule 26(f) Report of Parties' Planning Meeting, filed June 27, 2011 ["Undisputed Facts"](Dkt. #13)." Id.  Second, defendant Miron's proposed stipulation of facts contains twenty-five paragraphs, which were "taken from . . . plaintiff's complaint and . . . defendant's answer," as to which plaintiff does not object to thirteen of them and does not respond to the remaining twelve. (Dkt. #121, at 14-19).[2]  And third, plaintiff repeats her seventy-one paragraphs in the JTM as "Jury Instructions to be Provided at the Beginning of the Trial."  (Id. at 67-75).

Following a telephonic status conference held on June 23, 2014 (Dkt. #126), on July 3, 2014, defendant Miron filed his Objection to Plaintiff's Anticipated Motion for Advice (Dkt. #132) and plaintiff filed her Motion to Determine Whether Defendants' Pre-Trial Admissions

---

[1]The adjective "Joint" is somewhat of a misnomer, because counsel seem to disagree about virtually all the contents therein.  It is more accurately a "parallel" trial memorandum than a joint one.

[2]Many of the paragraphs to which plaintiff did not respond already appeared in the Statement of Undisputed Facts.

are Conclusively Established for Trial (Dkt. #133); plaintiff also filed her forty-four paragraph Revised Stipulated Facts.  (Dkt. #134).   On July 7, 2014, defendant filed his Supplemental Statement in Support of Defendant's Objection to Plaintiff's Anticipated Motion for Advice. (Dkt. #135).

Jury selection and a jury trial are scheduled to commence on August 11, 2014.  (Dkt. #114).

Defendant Miron is correct that a party's failure to dispute a factual allegation in the context of a summary judgment motion does not operate as a binding judicial admission going forward at trial.  (Dkt. #132, at 1-3).  As the Committee Notes to the 2010 Amendment to FED. R. CIV. P.  56(g) acknowledge:

> The court must take care that [its] determination [under Rule 56] <u>does not interfere with a party's ability to accept a fact for purposes of the motion only.</u>  A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant.  This position should be available without running the risk that the fact will be taken as established . . . or otherwise found to have been accepted for other purposes.

Therefore, plaintiff's original seventy-one paragraph Proposed List of Undisputed Facts (JTM, at 1-14, 67-75), largely based upon the "Factual Background" section of the Summary Judgment Ruling, 2014 WL 558872, at *2-7, is inappropriate.

It should be uncontroverted that the Court can rely upon the forty-two paragraph Undisputed Facts found in the parties' Rule 26(f) Report of Parties' Planning Meeting, filed June 27, 2011 (Dkt. #13), to the extent that any of the Undisputed Facts are still relevant after the Summary Judgment Ruling.  Therefore, in drafting the Stipulation of Facts for the jury, the Court will rely upon the Undisputed Facts that remain relevant to the trial.

Similarly, the parties would be hard-pressed to object to those paragraphs in

defendant's Proposed Stipulation of Facts in the JTM as to which plaintiff did not object. (Dkt. #121, at 15-19). Accordingly, the Court will rely upon them to the extent that they are relevant to the trial.

In addition, any admissions made by defendant Miron in response to plaintiff's Requests for Admission directed to him are binding upon him under FED. R. CIV. P. 36(b). Rule 36(b) provides in relevant part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

It does not appear that defendant Miron implicitly is requesting to withdraw or amend his prior responses to plaintiff's Request to Admit.[3]

Plaintiff's Revised Stipulated Facts (Dkt. #134), which number forty-four, rely primarily upon the answers of defendant Town and defendant Miron, or the answers of defendant Town or defendant Miron to plaintiff's prior Requests to Admit.[4] The Court will rely only upon the facts in plaintiff's Revised Stipulated Facts that are based upon defendant Miron's Answer, defendant's Miron's admissions, and defendant Miron's deposition testimony, again to the extent that the facts are relevant to the trial.

Therefore, the following Stipulation of Facts will be read to the jury:

1. Plaintiff Ellen Murray ["plaintiff'] was employed by the Town of Stratford as a

---

[3] See, e.g., Farr Man & Co., Inc. v. M/V Rozita, 903 F.3d 871, 875-77 (1st Cir. 1990).

[4] Defendant Miron has argued that the admissions of defendant Town should not be binding upon him. (Dkt. #135, at 3, n.3). The Court need not resolve that interesting question, in that in Plaintiff's Revised Stipulated Facts (Dkt. #134), there appear to be no instances where defendant Town made an admission, but defendant Miron did not.

member of the Stratford Fire Department ["SFD"] for 27 years and 9 months, from September 27, 1982 to June 15, 2010, residing in Shelton, Connecticut.

2.   On January 8, 2007, plaintiff attained a position as one of four Assistant Fire Chiefs of the SFD.  She retired from the SFD on June 15, 2010, when she was appointed as Deputy Fire Chief of the Naugatuck Fire Department.

3. Plaintiff had twenty-seven years in the SFD, twenty of them as an officer.  Plaintiff was a member of the firefighter's union, Local 998, from 1982 until the time that she became one of the four Assistant Chiefs in 2007.

4.  Defendant James Miron ["defendant"], at all times relevant to this lawsuit, was the Mayor of the Town of Stratford and was responsible for the orderly and lawful administration of the town, as set forth in the Town Charter.  He was Mayor from December 2005 through December 2009.  He ran for re-election after serving for one term, but did not win.

5.  At all times relevant to this lawsuit, defendant Miron was acting under color of state law.

6.   Defendant admitted that he took all factors into consideration when hiring someone, that he did not look at things in a vacuum when making employment decisions, and that he looked at "how the real world affects decisions."

7.  During his administration, defendant was involved in negotiating several collective bargaining agreements, and he would try to keep raises as small as possible.

8.  The Town of Stratford was and is a municipality organized under the law of the State of Connecticut.

9.   Plaintiff is married to Thomas Murray, who is another SFD Assistant Chief.

Thomas Murray was an active participant in the firefighter's union, serving on numerous boards and committees.   He voluntarily retired from the SFD on February 27, 2012.

10.  In the Town of Stratford, the Fire Chief is responsible for the policy, budget, and political interaction.

11.  In the Town of Stratford, the Deputy Chief runs the department with the assistance of Four Assistant Chiefs and a Fire Marshall.

12.  The Assistant Chiefs act as shift commanders and each carries an additional specific assignment.

13.  At all times relevant to this lawsuit, the SFD had 97 firefighters and a $10 million dollar budget.

14.  As an Assistant Fire Chief, plaintiff was responsible for the four firehouses and equipment.

15.  The Assistant Chiefs of the SFD sought to join the firefighter's union, as they previously had not been union members. After extensive, contentious negotiations, the Town of Stratford agreed that the Assistant Chiefs could join the firefighter's union in September 2008.  Between September 2008 and December 2008, the Assistant Chiefs negotiated with the Town of Stratford and the firefighter's union to determine how they would fit into the collective bargaining agreement.

16.  Plaintiff rejoined the firefighter's union in 2008 and continued to be a union member until she left the SFD in 2010.

17.  In January 2009, James Cavanaugh was hired as Interim Fire Chief while Chief Jay Cybart was out on leave.

18.  In February 2009, two positions in the SFD became available, Deputy Fire Chief

and Fire Chief.

19. In June 2009, Cavanaugh was appointed the permanent Fire Chief.

20. In February 2009, the Town of Stratford hired Randi Frank Consultants and Slavin Management Consultants [collectively "Frank Consultants"] to perform a nationwide search for candidates to fill three positions: fire chief, deputy fire chief, and deputy police chief.

21. Frank Consultants agreed to create descriptions and qualifications for each position, advertise each position through traditional media and direct outreach to under-served constituencies, design an interview syllabus, design job specific questionnaires for each position, and design and implement a grading rubric.

22. The job announcement for Deputy Chief describes the job and the required qualifications as follows:

> The Town of Stratford, CT is seeking a Deputy Fire Chief for its 97-member department with a 10.2 million dollar operating budget. The position is the second-in-command and is responsible for fire suppression and day-to-day direction in the department. Candidates should have a Bachelor's degree in fire service management or a related area, and at least ten (10) years of progressively responsible fire service experience, including at least two (2) years at the shift supervisor level, or higher, in a municipal fire department of comparable size to Stratford or larger. Candidates should also possess, or be able to obtain, certifications as Fire Officer I and Fire Instruction I issued by the State of Connecticut. At least three years previous experience as a Deputy Chief in a comparably, or larger, sized fire department may be substituted for a Bachelor's degree. Fire Officer II or III certification or a Master's degree in fire service management or a related field or graduation from the Executive Officer Program at the National Fire Academy is preferred. A valid driver's license is required.

23. On April 2, 2009, plaintiff was informed that she was one of the twenty applicants who would be moving on to the next step in the Deputy Chief application process, which was to complete a job related questionnaire.

24. On June 9, 2009, the Town of Stratford hired an applicant to fill the position of Deputy Police Chief.

25. On June 9, 2009, plaintiff was informed that four candidates, including her, would be interviewed on July 16, 2009 by a panel of three people: Ned Winterbottom, the Director of Human Resources for the Town of Stratford; Susan McCauley, Director of Finance for the Town of Stratford; and James Cavanaugh, the newly appointed Fire Chief.

26. The three other candidates were Thomas Connor, from the Bridgeport Fire Department; Robert Kepchar, from the Westport Fire Department; and Curtis Maffett, a retired Assistant Chief from the Columbia, South Carolina Fire Department.

27. Defendant's purpose in interviewing the finalists for the position of Deputy Chief was to find the right fit for his administration and to determine how he would work together with each candidate.

28. Another purpose of interviewing the finalists for the position of Deputy Chief was to determine whether defendant and the candidate had the same goals and objectives moving forward.

29. Overtime costs and pension costs were big concerns for defendant; specifically, he was concerned with the fact that the SFD would routinely exceed its overtime budget.

30. The firefighter's union was the only bargaining unit in the Town of Stratford that had overtime factored into their pension benefit. Defendant saw the inclusion of overtime in the pension calculation as a problem because it increased Stratford's costs.

31. Defendant sought to limit the scope of the term "compensation" in the pension agreement to exclude overtime pay in the calculation of firefighter's pension benefits, but the firefighter's union would not agree to that change.

32. During the panel's discussion of plaintiff's candidacy, Winterbottom and McCauley raised a concern that plaintiff's union activity and Assistant Chief Thomas Murray's union activity might make plaintiff a less effective Deputy Chief.

33. Defendant does not dispute that plaintiff met the qualifications for the position of Deputy Chief.

34. Following the final interview with defendant, the position of Deputy Chief was offered to Robert Kepchar, but the offer was withdrawn when he attempted to negotiate his salary.

35. Following the withdrawal of the offer to Kepchar, the Town of Stratford offered the position to Maffett, who was hired as Deputy Fire Chief in August 2009.

36. Maffett does not have a Bachelor's degree in fire service management.

37. Despite her qualifications, plaintiff was not promoted to the position of Deputy Chief.

Dated this 25th day of July, 2014, at New Haven, Connecticut.

　　　　　　　　　　　　　　　　　　/s/ Joan G. Margolis, USMJ
　　　　　　　　　　　　　　　　　　Joan Glazer Margolis
　　　　　　　　　　　　　　　　　　United States Magistrate Judge