IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ELLEN MURRAY                                      :          3:11 CV 629 (JGM)
:
v.                                                :
:
JAMES MIRON, Individually, and in his    :
official capacity as Mayor of the Town of :          DATE: JANUARY 21, 2016
Stratford                                         :
---------------------------------------------------------x

RULING ON MOTION FOR LEAVE TO SUPPLEMENT JOINT
TRIAL MEMORANDUM (Dkt. #231)

On December 31, 2015, defendant filed the pending Motion for Leave to Supplement Joint Trial Memorandum (Dkt. #207), to add Susan Collier as a witness that defendant intends to call to offer testimony to challenge the methodology and arithmetic calculation of plaintiff's damages claim at trial with respect to the lost use of an employer-owned vehicle. (Dkt. #231).  On January 13, 2016, this Court held a telephonic pretrial conference to address this, and other issues.  (Dkts. ##233, 235 ["January 16th Conference"]).  The next day, this Court filed an Order memorializing, inter alia, the dates agreed to during the conference call, and in accordance with such Order (see Dkt. #236, ¶ 2), plaintiff filed her brief in opposition to defendant's motion on January 15, 2016. (Dkt. #237).[1]  Five days later, defendant filed his reply brief.  (Dkt. #238).

In her brief in opposition, plaintiff correctly notes that her claim of damages arising from the lost use of an employer-owned vehicle was included in her Amended Damages Analysis, dated February 23, 2015, almost eleven months ago.  (Dkt. #237, at 2-4; see Dkt. #206, Exh. 1 at 2).  However, in one of the two Motions in Limine filed by defendant on July

---

[1] Attached to plaintiff's brief are copies of case law.

24, 2015 (Dkt. #206), two weeks prior to the filing of the parties' Amended Joint Trial Memorandum (Dkt. #207), defendant challenged plaintiff's calculation of this element of her compensatory damages claim.  In the parties' Amended Joint Trial Memorandum, filed on August 7, 2015 (Dkt. #207), defendant identified Ronald Ing, Director of Human Resources, as the person to testify, inter alia, about plaintiff's "earnings and benefits while she was Assistant Fire Chief up to the time she voluntarily retired[.]"  (At 17).[2]

Two months later, on October 6, 2015, this Magistrate Judge filed her Ruling on Defendant's Motions in Limine (Dkt. #219)["October 2015 Ruling"], familiarity with which is presumed.  As counsel are keenly aware, the October 2015 Ruling held that plaintiff is precluded from presenting evidence of her claim for lost pay and lost retirement benefits, but that plaintiff was not precluded from offering evidence of the value of the loss of an employer-owned vehicle.  (At 13-22).  The October 2015 Ruling continued: "However, defendant is not precluded from challenging the methodology and arithmetic calculation of plaintiff's damages claim at trial." (At 23).[3]  Plaintiff now challenges what she describes as the "addition of Susan Collier to [defendant's] list of potential trial witnesses." (Dkt. #237, at 5).[4]

During the January 16th Conference, defendant repeatedly clarified to the Court and counsel that he intends to offer Susan Collier's testimony "solely" as "rebuttal testimony."

---

[2]Plaintiff "objects to this testimony to the extent that it is not based on personal knowledge."  (At 18).

[3]At no time after the October 2015 Ruling did plaintiff seek leave to depose Ing on this issue.  (See Dkt. #238, at 3).

[4]As counsel as aware, in the Pretrial Order, dated July 10, 2015, this Court "recognize[d] that [the parties' witness] list might be altered after a ruling on the anticipated Motion(s) in Limine." (Dkt. #204, at 2, n.1).

2

(See also Dkt. #238, at 1-2). Nowhere in her brief in opposition does plaintiff address this clarification, but rather focuses on whether "good cause" exists under FED. R. CIV. P. 16(e) for the modification of a final pretrial order. (See Dkt. #237, at 5-11).

Pursuant to this Court's Amended Pretrial Order, filed April 30, 2014, rebuttal witnesses need not be listed in the Joint Trial Memorandum. (Dkt. #114, at 1, ¶ 1(b)("Except for rebuttal and impeachment, witnesses not listed will not be allowed to testify at trial without good cause shown.")). As stated above, defendant has made clear to the Court and to plaintiff's counsel that any testimony from Susan Collier, if at all, will be "solely" "rebuttal testimony." Accordingly, defendant's Motion for Leave to File Supplement to Amended Joint Trial Memorandum is denied without prejudice as moot.[5]

Dated this 21st day of January, 2016.

    /s/Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge

---

[5] Plaintiff's counsel contends that allowing her to depose Collier will "serve no curative purpose, and instead, would further prejudice [p]laintiff's position in this case, both practically and financially." (Dkt. #237, at 11). If, in light of this Ruling, and in an abundance of caution, plaintiff wishes to have the opportunity to depose Collier prior to trial, in the event that she is called as a rebuttal witness, she may do so; such deposition shall not exceed ninety minutes.