IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
ELLEN MURRAY                                           :          3:11 CV 629 (JGM)
                                                       :
v.                                                     :
                                                       :
JAMES MIRON, Individually, and in his                  :
official capacity as Mayor of the Town of              :          DATE: JULY 19, 2016
Stratford                                              :
---------------------------------------------------------x

<u>RULING ON DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES (Dkt. #275)</u>

Familiarity with this litigation is presumed.[1] On February 2, 2016, the jury trial in this case commenced, and was held on February 3, 4, 9, 10, 11, and 12, 2016.[2] (Dkts. ##250, 252, 254, 257-59). On the seventh trial day, February 12, 2016, the jury returned a verdict in favor of defendant, finding that plaintiff did not prove by a preponderance of the evidence that her First Amendment-protected union affiliation and/or union activities were a substantial motivating factor in defendant James Miron's decision not to promote her to the position of Deputy Fire Chief. (Dkt. #265). Judgment entered on February 26, 2016 (Dkt. #266), and on April 19, 2016, plaintiff's Motion for a New Trial was denied. (Dkt. #274; <u>see</u> Dkts. ##270, 272-73).

On May 4, 2016, defendant filed the pending Motion for Award of Attorneys' Fees

---

[1]<u>See, e.g.</u>, <u>Murray v. Town of Stratford</u>, 996 F. Supp. 2d 90 (D. Conn. 2014); <u>Murray v. Town of Stratford</u>, Ruling on Multiple Motions <u>in Limine</u>, 2014 WL 3700982 (D. Conn. July 25, 2014); <u>Murray v. Town of Stratford</u>, Ruling on Plaintiff's Motion for Reconsideration and on Plaintiff's Motion for Leave to Amend Complaint, 2015 WL 630957 (D. Conn. Feb. 12, 2015); <u>Murray v. Miron</u>, Ruling on Defendant's Motions for Sanctions, 2015 WL 4041340 (D. Conn. July 1, 2015); <u>Murray v. Miron</u>, 11 CV 629(JGM), Ruling on Defendant's Motions <u>in Limine</u>, Dkt. #219; <u>Murray v. Miron</u>, Ruling on Plaintiff's Motion <u>in Limine</u>, 2016 WL 96140 (D. Conn. Jan. 8, 2016); <u>Murray v. Miron</u>, Ruling on Motion for New Trial, Dkt. #274.

[2]The jury trial was postponed on Friday, February 5, and Monday, February 8, due to the weather.

(Dkt. #275),[3] pursuant to this Court's order in the Ruling on Multiple Motions in Limine, filed July 25, 2014 (Dkt. #154)["July 2014 Ruling"], which provided: "Defendant may submit a Motion for Attorney's Fees to recover fees spent on this motion [in limine (Dkt. #124)] and the reply brief [Dkt. #149], and for a reasonable number of hours spent preparing for his response to plaintiff's damages claim."  2014 WL 3700982, at *12 (citation omitted).  On June 8, 2016, plaintiff filed her brief in opposition to defendant's Motion (Dkt. #278; see also Dkts. ##276-77), and two weeks later, defendant filed his reply brief. (Dkt. #279).

For the reasons stated below, defendant's Motion for Attorneys' Fees (Dkt. #275) is granted in part and denied in part.

## I. DISCUSSION

### A. BACKGROUND

As addressed in the July 2014 Ruling, defendant Miron sought to preclude plaintiff from presenting evidence of compensatory damages because she failed to provide such information to defendants, and the Damages Analysis that plaintiff provided to defendant on September 29, 2011 did "not comport with Federal Rule of Civil Procedure 26(a)(1)(A)(iii)[.]" 2014 WL 3700982, at *9.  As this Court explained in that Ruling, Rule 26 "requires that a plaintiff [—] as best as the party is able at an early stage in the case —  . . . provide a computation of each category of damages and . . . produce the documents on which that computation is based."  Id. (multiple citations & internal quotations omitted).  After finding that plaintiff's "failure to provide the computation and basis for her claimed compensatory damages [was] a violation of Rule 26[,]" this Court addressed the appropriate sanction to

---

[3]Attached to defendant's Motion is defendant's summary table of billing records, along with copies of invoices (Exh. 1), and an affidavit of Attorney Christopher M. Hodgson, sworn to May 3, 2016 (Exh. 2).

2

impose under Rule 37(c)(1). Id. at *10-11.  This Court concluded that there was "no evidence that plaintiff or her counsel acted in bad faith or willfully," but that defendant was prejudiced by plaintiff's failure to comply with Rule 26(a), in that defendant was "deprived . . . the opportunity to be informed of, and to prepare his response to, plaintiff's damages claim." Id. at 11 (footnote omitted).   Accordingly, the Court held:

> "Even where preclusion is not ordered under Rule 37, it is generally appropriate, at a minimum, to require a party who has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions." Ritchie Risk-Linked Strategies [Trading (Ireland), Ltd. v. Coventry First LLC],280 F.R.D. [147,] 157 [(S.D.N.Y. 2012)] (multiple citations omitted). Defendant may submit a Motion for Attorney's Fees to recover fees spent on this motion and the reply brief, and for a reasonable number of hours spent preparing for his response to plaintiff's damages claim.  See id. ("Monetary sanctions are appropriate to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.")(citations & internal quotations omitted).

Id. at *12 (emphasis added).

The sanction ordered in the July 2014 Ruling was ordered pursuant to Rule 37(c)(1), for a discovery violation under Rule 26(a)(1).  The sanction imposed was directed to the briefing associated with defendant's Motion in Limine, and defendant's anticipated response to the production by plaintiff of a Damages Analysis in compliance with Rule 26(a).

However, in his pending motion, defendant "does not claim" the time expended by Attorney Christopher Ciancanelli in preparing the original Motion in Limine, and he "expressly waives" the time spent by Attorney John-Henry Steele in preparing the reply brief.  (Dkt. #275, at 1).  Thus, the only amount of fees at issue in this pending motion is the amount of fees "for a reasonable number of hours spent preparing for [defendant's] response to plaintiff's damages claim." 2014 WL 3700982, at *12.  The July 2014 Ruling ordered plaintiff's Amended Damages Analysis to be produced nine days later, on August 4, 2014.

Id. at *11.

As discussed in previous rulings, the course of the case changed on July 29, 2014, four days after the Court's July 2014 Ruling was filed. On that date, counsel advised the Court that they were just recently made aware that defendant Miron had a bankruptcy matter pending in the United States Bankruptcy Court in Bridgeport. See In re James R. Miron, No. 13-50950 (see Dkts. ##158-59). Six days later, this Magistrate Judge issued an Order Administratively Closing File Pending Further Action in Bankruptcy Court (Dkt. #160); the deadline for the submission of plaintiff's Amended Damages Analysis was implicitly held in abeyance.

Following the reopening of the case on November 13, 2014 (see Dkts. ##164-66), on February 12, 2015, this Court ruled on plaintiff's Motion for Reconsideration of the July 2014 Ruling, and Motion for Leave to Amend her complaint. Ruling on Plaintiff's Motion for Reconsideration and on Plaintiff's Motion for Leave to Amend Complaint (Dkt. #180) ["February 2015 Ruling"], 2015 WL 630957 (D. Conn. Feb. 12, 2015). In her Motion for Reconsideration, plaintiff sought reconsideration of this Court's holding, precluding evidence as to plaintiff's claim of constructive discharge and her claim for future damages; in her Motion for Leave to Amend her complaint, plaintiff sought to add a claim for emotional distress damages. (See Dkts. ##169, 177). The February 2015 Ruling denied both of plaintiff's motions; the underlying briefing and the February 2015 Ruling had no effect on the Court's previous sanction order in the July 2014 Ruling which was directed towards plaintiff's failure to submit a substantiated damages analysis for her claim for compensatory damages. Thereafter, plaintiff submitted her Amended Damages Analysis on March 3, 2015. (See Dkt. #279, at 2).

B. PENDING MOTION FOR ATTORNEYS' FEES

Defendant has submitted twenty-nine pages of invoices for time spent from August 29, 2014 to February 17, 2016. (Dkt. #275, Exh. 1). He now seeks fees for all but 19.5 hours[4] of attorney time incurred after this Court's July 2014 Ruling, through and including the first day of trial, totaling $49,087.50,[5] as such fees were "incurred in response to the plaintiff's effort to reframe her compensatory damages claims after the court issued the [July 2014 Ruling] . . . , or . . . were so closely intertwined both legally and factually with the plaintiff's efforts in this regard that they constitute hours reasonably expended responding to plaintiff's damages claim." (Dkt. #275, at 2 (citations omitted); Dkt. #279, at 8, n.3 & 10). In response, plaintiff contends that defendant's motion fails to comply with Local Rule of Civil Procedure 7(a)1; the purpose of sanctions under Rule 37(c)(1) is to rectify a discovery violation, not to provide a windfall to the defendant; defendant has waived his claim for attorneys' fees except for a reasonable number of hours spent preparing for his response to

---

[4]In his reply brief, defendant withdrew his request for 19.5 hours, or $2,925.00 worth of time incurred over the course of nine dates in 2015, thus reducing his original request for $52,012.50 to $49,087.50. (Dkt #279, at 8, n.3 & 10).

[5]The only affidavit filed in support of the fee application is an affidavit from Attorney Hodgson, in which he attests as to the hourly rate of $150 for attorneys hired to do work for the Town of Stratford in this case. (Dkt. #275, Exh. 2, ¶ 7). As pointed out by plaintiff (Dkt. #278, at 6), no affidavit was submitted to confirm that the invoices presented to the Court are based on contemporaneous time records, nor are there any affidavits from the professionals whose initials are listed on said invoices. In his reply brief, defendant finally explains whose initials are listed on said invoices, but again, no affidavits are attached. (Dkt. #279, at 1).

According to Attorney Hodgson, the hourly rate of $150 is substantially beneath the hourly rates of $200 to $275 charged in the Bridgeport area in 2014 to other municipalities, and is substantially lower than the hourly rate $400 to $500 charged to private employers in similar cases. (Dkt. #275, at 1 & Exh. 2, ¶¶ 7-9). In her brief opposition, plaintiff questions that rate because defendant's filings fail to provide education and/or experience of the attorneys whose initials appear on the billing invoices. (Dkt. #278, at 6). That information having later been provided in defendant's reply brief (Dkt. #279, at 1), the Court finds that the $150 hourly rate is more than reasonable, and is, in fact, surprisingly low.

plaintiff's damages claim; and defendant's fee application is inadequate as a basis upon which to award fees. (Dkt. #278, at 2-13).

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge . . . ." Wells v. Yale Univ., No. 10 CV 2000 (HBF), 2013 WL 6230263, at *1 (D. Conn. Dec. 2, 2013), quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010); see 42 U.S.C. § 1988 (permitting court, "in its discretion," to award fees). Defendant's claim in this case is unreasonable as it goes far beyond the scope of this Court's order in July 2014, which was directed to the briefing associated with defendant's Motion in Limine, and defendant's response to plaintiff's production of a damages analysis in compliance with Rule 26(a). 2014 WL 3700982, at *11-12.

There are a limited number of entries related plaintiff's Amended Damages Analysis, and, as discussed above, defendant does not seek the fees incurred in the briefing of his motion underlying the sanction order (Dkt. #275, at 1), even though such fees were ordered recoverable under the sanction order. To be clear, the sanction was ordered for plaintiff's failure to provide a damages analysis in compliance with Rule 26(a)(1), not for plaintiff's "continued insistence on pressing a claim for compensatory damages[,]" as defendant asserts. (Dkt. #279, at 4). Accordingly, contrary to defendant's position, defendant is not entitled to every fee incurred post-dating the date of the sanction order. Rather, the fees that fall within the limited scope of the sanction order are, too, limited. Specifically, on August 5, 2014, defense counsel performed three tasks over the course of 3.75 hours, one of which was "research[ing] damages and attorneys' fees issues[.]" (Dkt. #275, Exh. 1, Inv. #10458). Defendant is awarded 1.25 hours for that task. On March 3, 2015, the date on which plaintiff's Amended Damages Analysis was produced (see Dkt. #279, at 2), defendant

6

spent 0.5 hours, inter alia, for his counsel's "preliminary review and analysis of plaintiff's damages analysis." (Id., Inv. #10922). Such time is awarded to defendant. One week later, on March 10, 2015, defendant spent 1.75 hours "[p]repar[ing] for, travel[ing] to and attend[ing] meeting w/client's representative for purposes of reviewing and analyzing plaintiff's amended compensatory damages calculation and documentation re[:] same." (Id., Inv. # 10922). Defendant may also recover this item.

Defendant is not entitled to an award of fees for work related to defendant's bankruptcy which was not discovered until after the sanction was ordered for plaintiff's earlier non-compliance with her discovery obligations (see Dkt. #275, Exh. 1, Entries: 8/1/14 (two entries), 8/4/14 (WSS entry), 8/5/14 (partial), 8/6/14, 8/9/14, 8/11/14 (WSS entry), 8/19/14, 10/29/14, 11/12/14, 11/13/14, 4/12/15), nor is defendant entitled to fees incurred for requests made under the Freedom of Information Act (id., Entries: 10/28/14, 12/11/14, 1/5/15, 1/9/15, 2/3/15), for fees incurred for scheduling (id., Entries: 11/5/14, 2/18/15, 7/6/15, 7/9/15, 7/14/15, 9/11/15, 1/4/16, 1/8/16), for fees incurred for a settlement conference or pre-trial conference (id., Entries: 11/14/14, 11/17/14, 11/19/14, 12/9/14, 4/10/15, 4/11/15, 4/13/15 (two entries), 4/14/15, 4/15/15, 4/16/15, 4/17/15 (two entries), 10/30/15, 1/18/16), or for fees incurred for compliance with requirements for the Joint Trial Memorandum. (Id., Entries: 7/23/15, 7/28/15, 8/3/15, 8/4/15, 8/7/15, 8/14/15). Similarly, defendant is not entitled to an award of fees for entries that are so broad in description that it is not clear the nature of the work and its relation to the sanction order. (Id., Entries: 7/31/14, 8/4/14 (JHS entry), 8/14/14, 8/15/14, 11/4/14, 11/14/14, 2/19/15, 7/27/15, 9/8/15, 10/6/15 (WSS entry), 10/26/15); see N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

Moreover, while defendant is entitled to the limited and reasonable amount of fees incurred on the heels of the service of plaintiff's amended damages calculation, a recovery of all fees incurred by defendant in support of his litigation strategy to challenge the damages plaintiff sought and to limit plaintiff's compensatory damages claim is unreasonable as such fees go far beyond the scope of the sanction order.[6] (See Dkt. #275, Exh. 1, Entries: 2/24/15, 3/2/15, 3/5/15, 3/8/15, 3/9/15 (two entries), 3/11/15, 3/12/15 (two entries), 3/31/15, 4/1/15 (two entries), 4/6/15, 4/7/15, 4/9/15, 4/10/15, 4/18/15, 4/20/15, 4/23/15, 4/27/15, 4/28/15, 5/9/15, 5/15/15, 5/17/15, 5/18/15, 7/2/15, 7/22/15, 7/24/15 (two entries), 8/17/15, 8/18/15, 8/24/15, 8/25/15, 8/26/15, 8/30/15, 8/31/15, 9/1/15, 9/18/15, 10/1/15, 10/6/15 (JHS entry), 11/14/15, 12/30/15, 1/2/16, 1/4/16, 1/5/16, 1/6/16, 1/7/16, 1/9/16, 1/11/16, 1/12/16, 1/13/16, 1/14/16, 1/19/16, 1/20/16, 1/21/16, 1/22/16, 1/24/16, 1/25/16, 1/26/16 (two entries), 1/27/16, 1/28/16, 1/29/16, 1/30/16, 1/31/16, 2/1/16, 2/2/16).

---

[6]For example, the time defense counsel spent responding to plaintiff's Motion for Reconsideration and for Leave to Amend do not fall within the scope of the sanctions order.  As discussed above, the February 2015 Ruling denied both of plaintiff's motions, and the underlying briefing and the February 2015 Ruling were directed towards plaintiff's claims for constructive discharge, emotional distress damages, and damages for future lost wages. The previous sanction order was directed towards plaintiff's failure to submit a substantiated damages analysis for her claim for compensatory damages. (Dkt. #275, Exh. 1, Entries: 8/9/14, 8/10/14, 8/11/14 (JHS entry), 8/29/14, 9/11/14, 9/12/14, 9/13/14, 12/5/14, 12/22/14, 1/9/15, 2/13/15).

Accordingly, consistent with this Court's sanction order in its July 2014 Ruling, defendant shall be awarded a total of $525.00, as follows:[7]

| DATE | HOURS | AMOUNT |
|---|---:|---:|
| 8/5/14 | 1.25 | $187.50 |
| 3/3/15 | 0.50 | $75.00 |
| 3/10/15 | 1.75 | $262.50 |
| Total | 3.5 | $525.00 |

## II. CONCLUSION

For the reasons stated above, defendant's Motion for Attorneys' Fees (Dkt. #275) is granted in part and denied in part such that defendant is awarded attorneys' fees in the amount of $525.00 for 3.5 hours of attorney time.

Dated this 19th day of July, 2016, at New Haven, Connecticut.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[7] See Fustok v. ContiCommodity Svs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)(holding that a hearing was not necessary to determine the propriety of a request for attorneys' fees in light of the record before the district court and the district court's experience with the case).